UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KERRI DOLAN and DEAN DOLAN, | Case No. 20-CV-1827 (NEB/LIB) |
| Plaintiffs, | |
| v. | ORDER ON MOTION TO DISMISS |
| BOSTON SCIENTIFIC CORP., | |
| Defendant. | |

Plaintiff Kerri Dolan ("Dolan") alleges that she sustained injuries resulting from the implantation of Defendant Boston Scientific Corporation's ("Boston Scientific") Solyx Single-Incision Sling pelvic mesh device ("Solyx"). Boston Scientific moved to dismiss Dolan's Complaint, arguing that she failed to state a claim upon which relief can be granted. For the reasons that follow, the Court grants Boston Scientific's motion to dismiss.

BACKGROUND

Solyx is a mid-urethral mesh sling designed to treat stress urinary incontinence. (ECF No. 1 ("Compl.") ¶ 12.) In August 2018, Dolan underwent surgery to have a Solyx implanted. (*Id.* ¶ 55.) Approximately six months after the surgery, Dolan visited a doctor and complained of pelvic pain. (*Id.* ¶ 56.) The doctor recommended removal of the Solyx. (*Id.*) In April 2019, a surgeon attempted to remove the Solyx, but was unable to do so

because of excessive scarring. (*Id.* ¶ 57.) The surgeon also noted that the Solyx sling was not in the correct anatomical position. (*Id.*) Following this procedure, Dolan has continued to experience pain, which she alleges is due to the Solyx sling. (*Id.* ¶¶ 58–59.)

Dolan and her husband, Dean Dolan, brought this suit in August 2020. (Compl.) She brings claims for strict liability (under design defect and failure to warn theories), negligence, and breach of express warranty. (*Id.* ¶¶ 63–97.) Dean Dolan brings a claim for loss of consortium. (*Id.* ¶¶ 98–100.)

## ANALYSIS

Boston Scientific moves to dismiss under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10.) Rule 12(b)(6) requires that the Court dismiss a complaint if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing a Rule 12(b)(6) motion, a court must "tak[e] all facts alleged in the complaint as true, and mak[e] reasonable inferences in favor of the nonmoving party." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014). Although the factual allegations need not be detailed, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, where

a complaint alleges "facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**I.     Dolan's Tort Claims**

Although Dolan brings separate strict liability and negligence claims, "Minnesota merges negligence and strict liability claims into a single products liability theory." *Green Plains Otter Tail, LLC v. Pro-Env't, Inc.*, 953 F.3d 541, 546 (8th Cir. 2020) (citing *Thompson v. Hirano Tecseed Co.*, 456 F.3d 805, 809 (8th Cir. 2006) (applying Minnesota law)). The Court will therefore analyze Dolan's design defect and failure to warn claims each as unitary theories, rather than as separate strict liability and negligence claims. Because Dolan has not alleged causation for either her design defect of failure to warn claim, they are dismissed.

   A. *Design Defect*

To recover for a design defect, a plaintiff must show that "(1) the product was in a defective condition unreasonably dangerous to the user, (2) the defect existed when it left the manufacturer's control, and (3) the defect was the proximate cause of the injury sustained." *Thao v. St. Jude Med., Inc.*, No. A03-1716, 2004 WL 1488860, at *1 (Minn. Ct. App. July 6, 2004) (citing *Drager v. Aluminum Indus. Corp.*, 495 N.W.2d 879, 882 (Minn. Ct. App. 1993)). Boston Scientific contends that Dolan has not adequately pled the third prong—that the design defect was the proximate cause of her injuries.

3

Dolan offers only conclusory allegations to support proximate causation. The two paragraphs of the Complaint in which Dolan most clearly addresses proximate causation for her design defect claim are legal conclusions devoid of any factual enhancement. (Compl ¶¶ 60, 73.) Paragraph sixty of the Complaint merely states that Dolan "suffered serious personal injuries as a direct and proximate result of," among other things, Solyx's design defects. (*Id.* ¶ 60.) In paragraph seventy-three, Dolan alleges that she has suffered injuries "[a]s a direct and proximate result of the Solyx Sling's design defects." (*Id.* ¶ 73.) These allegations do no more than state, in a conclusory manner, that the Solyx's design defects caused Dolan's injuries. They provide no link between the alleged design defect and Dolan's injuries. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (dismissing a design defect claim when the complaint contained insufficient factual allegations, including a lack of allegations regarding how the medical device caused plaintiff's injuries).

Dolan contends that she does not need to be more specific, because Boston Scientific has been on notice of claims similar to hers through other plaintiffs' suits in multi-district litigation. Although it is true that the purpose of the pleading requirement is to put the defendant on notice of the claims against it, the fact that Boston Scientific has defended previous related suits does not alleviate Dolan of her obligation to meet the Rule 8 pleading standard. *N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056–

57 (8th Cir. 2004) ("The essential function of notice pleading 'is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'") (citing *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 714 (8th Cir. 1979)). Indeed, pointing to the multi-district litigation to argue that Boston Scientific has notice of the claims against it only serves to highlight a core problem with Dolan's Complaint—the dearth of allegations specific to Dolan's claims. Boston Scientific's experience in the multi-district litigation would put it on notice of general facts about the alleged defects with the products; the Complaint contains no shortage of this type of information. (*E.g.*, Compl. ¶¶ 16–17, 70.) What the Complaint lacks is factual allegations specific to Dolan and her alleged injuries. Among other pleading defects, it is not clear from the Complaint which of the numerous enumerated design defects Dolan claims caused her injury, whether she was pain-free before the implantation of the Solyx sling, what outcome Dolan anticipated, or what other factors may have contributed to Dolan's injuries. *Cf. Marshall v. Smith & Nephew, Inc.*, No. 19-CV-2313 (DWF/DTS), 2020 WL 362803, at *7 (D. Minn. Jan. 22, 2020) (dismissing a design defect claim when the plaintiff failed to allege facts that support the inference that the product caused the plaintiff's injuries).

### B. Failure to Warn

In Minnesota, the elements of a failure to warn claim are: "(1) the defendant[] had reason to know of the dangers of using the product; (2) the warnings fell short of those

reasonably required, breaching the duty of care; and (3) the lack of an adequate warning caused the plaintiff's injuries." *In re Levaquin Prods. Liab. Litig.*, 700 F.3d 1161, 1166 (8th Cir. 2012) (internal quotations omitted) (applying Minnesota law). Minnesota has adopted the learned intermediary doctrine, meaning that a warning about a medical device need only be given to a prescribing physician, not directly to the patient. *Id.* (citing *Mulder v. Parke Davis & Co.*, 181 N.W.2d 882, 885, 885 & n.1 (Minn. 1970)).

Dolan has adequately alleged the first two elements of a failure to warn claim: that Boston Scientific knew of risks posed by the Solyx sling and that they failed to warn Dolan's prescribing physician about these dangers. (*E.g.,* Compl. ¶¶ 15, 68, 72, 77.) Dolan has not, however, alleged how Boston Scientific's failure to warn Dolan's physician caused her injuries.[1] There are no allegations that a "hypothetical warning would have changed the course of events." *Marshall*, 2020 WL 362803, at *7. In other words, she has not alleged that her prescribing physician would not have used the Solyx sling if he or

---

[1] Boston Scientific also argues that Dolan's failure to warn claim is improperly pled because she did not identify her prescribing physician. In support of this argument, Boston Scientific cites two non-binding cases in which courts dismissed failure to warn claims due, in part, to the plaintiffs' failure to identify their physicians. (ECF No. 12 at 7 n.1 (first citing *Fischer v. Bos. Sci. Corp.*, No. SACV 19-02106 JVS (DFM), 2020 WL 2300138, at *3 (C.D. Cal. Mar. 25, 2020); then citing *Fearrington v. Bos. Sci. Corp.*, 410 F. Supp. 3d 794, 802 (S.D. Tex. 2019).) Beside the fact that neither case applied Minnesota law, neither cited authority for the proposition that the plaintiff must plead the specific identity of the prescribing physician for a failure to warn claim, and the Court sees no reason to impose this requirement. The identity of the physician is not an element of a failure to warn claim.

she had been properly apprised of the risks. Therefore, Dolan's failure to warn claim must be dismissed.

## II.     Breach of Warranty

Boston Scientific argues that Dolan's breach of warranty claim must be dismissed because Dolan has not alleged that she gave statutorily-required pre-suit notice and because she did not identify any promise or affirmation that could be the basis of a breach of warranty claim. (ECF No. 12 at 8–11.)

In Minnesota, a plaintiff who intends to bring a breach of warranty claim must first give the defendant notice of the claim before filing suit—and must plead this notice. *Drobnak v. Andersen Corp.*, 561 F.3d 778, 784 (8th Cir. 2009) (citing Minn. Stat. § 336.2-607(3)(a)); *Yarrington v. Solvay Pharms., Inc.*, No. A05-2288, 2006 WL 2729463, at *6 (Minn. Ct. App. Sept. 26, 2006) (dismissing a breach of warranty claim when the plaintiff did not allege that she gave pre-suit notice); *AGA Med. Corp. v. Beijing Since Med. Sci. Co.*, No. 06-CV-364 (JMR/FLN), 2007 WL 9734721, at *7 (D. Minn. May 24, 2007) (same). Dolan has

not alleged that she gave Boston Scientific pre-suit notice of her breach of warranty claim.[2] Thus, the Court will dismiss Dolan's breach of warranty claim.[3]

### III.     Loss of Consortium

In Minnesota, loss of consortium is a derivative claim, so if the underlying tort claim fails, so too does the loss of consortium claim. *Kaplan v. Mayo Clinic*, 947 F. Supp. 2d 1001, 1011 (D. Minn. 2013) (applying Minnesota law). Because the Court dismisses Dolan's tort claims, it must also dismiss Dean Dolan's loss of consortium claim.

### IV.     Punitive Damages and Attorneys' Fees

Boston Scientific argues that the Court should strike the Complaint's requests for punitive damages and attorneys' fees. (ECF No. 12 at 11–13.) In her response brief, Dolan agreed to withdraw her request for punitive damages, (ECF No. 17 at 9), and, at the

---

[2] In her brief in opposition to Boston Scientific's motion, Dolan argues that she gave notice of her breach of warranty claim, and includes proof that notice was sent to, and received by, Boston Scientific. (ECF No. 17 at 9; ECF Nos. 17–5, 17-6.) This does not change the fact that Dolan did not plead that she gave notice. *See Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss") (citation omitted).

[3] Boston Scientific argues that even if Dolan did allege that she gave pre-suit notice, the notice she gave was insufficient. (ECF No. 18 at 4.) But because the Court concludes that Dolan did not plead pre-suit notice and because the issue of the adequacy of the notice Dolan gave is not properly before the Court on a motion to dismiss, the Court does not address this argument. Further, because Dolan did not adequately allege that she gave pre-suit notice, the Court need not reach Boston Scientific's argument that Dolan did not identify an affirmation or promise that created an express warranty. (ECF No. 12 at 9–11.)

hearing, agreed to withdraw her request for attorneys' fees. Because the Court is dismissing Dolan's Complaint, it does not address these issues.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Boston Scientific's motion to dismiss (ECF No. 10) is GRANTED;

2. Plaintiffs' Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: February 23, 2020                    BY THE COURT:

                                            s/Nancy E. Brasel
                                            Nancy E. Brasel
                                            United States District Judge

9